UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING BRETT LAUTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IRINA ANOUFRIEVA, et al.,<br><br>　　　　　Defendants. | Case No. CV 07-6811 JVS(JC)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>[RE DKT. NOS. 75, 77, 78, 84, 109] |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, all documents filed in connection with the pending motions to dismiss, motion to strike, and motions for summary judgment, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), the parties' objections thereto, and the parties' responses to the objections.[1] The Court has further made a *de novo*

---

[1] The five specific motions in issue are: (1) the Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") filed by defendants Lauren Liebert ("Liebert"), Jonathan C.S. Cox ("Cox"), Debra Cox, as representative of the estate of Jonathan C.S. Cox ("Cox Estate") and Cox Padmore Skolnik & Shakarchy LLP ("Cox Firm") (collectively the "Liebert/Cox

(continued...)

1

determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the Report and Recommendation with the following modifications: (1) Claim Ten is dismissed with leave to amend; and (2) Footnote 30, at page 23 is deleted.[2]

IT IS HEREBY ORDERED: (1) the Motion to Dismiss is granted in part and denied in part;[3] (2) the Anoufrieva Motion is denied; (3) the Anti-SLAPP

---

[1](...continued)
Defendants") in which defendants Tere Lynn Guerrero ("Guerrero") and Ellen Bodisco Miller ("Miller") have joined; (2) a Motion to Dismiss filed by defendant Irina Anoufrieva ("Anoufrieva Motion"); (3) a Special Motion to Strike Portions of the First Amended Complaint on Slapp Suit Grounds (the "Anti-SLAPP Motion") filed by the Liebert/Cox Defendants in which defendants Guerrero and Miller have joined; (4) Plaintiff's Motion for Summary Judgment Against Defendant Guerrero ("Plaintiff's Guerrero Motion"); and (5) Plaintiff's Motion for Summary Judgment Against Defendant Anoufrieva ("Plaintiff's Anoufrieva Motion"). (Plaintiff's Guerrero Motion and Plaintiff's Anoufrieva Motion will collectively be referred to as "Plaintiff's Summary Judgment Motions").

[2]To the extent plaintiff objects to the Report and Recommendation because it does not resolve plaintiff's request, pursuant to Fed. R. Civ. P. 56(d), to adjudicate certain facts which plaintiff represents to be undisputed, the objection is overruled as the pleadings in this matter remain unsettled, and as it would not serve judicial economy for the Court to adjudicate such issues at this juncture in the litigation. Subject to any further case management and scheduling orders, nothing in this Order prohibits plaintiff from seeking summary adjudication of facts (or summary judgment), after the pleadings are closed. To the extent plaintiff, in his objections, requests clarification regarding the addition of defendants and/or the substitution of Doe defendants, such matters should be raised, in the first instance, through a motion to the Magistrate Judge. (The Court notes that since the filing of his objections, plaintiff has filed such a motion with the Magistrate Judge who issued a ruling thereon on June 22, 2009.)

[3]Specifically: (1) the Motion to Dismiss is granted as follows: (a) claim one (RICO) is dismissed with leave to amend; (2) claim two (Section 1983) is dismissed with leave to amend; (3) claim three (Section 1985) is dismissed with leave to amend; (4) claim four (filing false police report) is dismissed without leave to amend; (5) claim five (false imprisonment) is dismissed without leave to amend; (6) the portion of claim six (malicious prosecution) which is predicated upon the Domestic Violence Action is dismissed without leave to amend; (7) claim seven (California Constitutional right to privacy) is dismissed without leave to amend as to defendants Cox and the Cox Estate *only*; (8) claim eight (invasion of privacy) is dismissed as to defendants Cox and the Cox Estate *only*; (9) claim nine (intentional infliction of emotional distress) is dismissed as against defendants Cox and the Cox Estate *only*, *except* to the extent

(continued...)

Motion is denied without prejudice; (4) Plaintiff's Summary Judgment Motions are denied; (5) to the extent plaintiff elects to amend those portions of the First Amended Complaint as to which leave to amend has been granted, plaintiff must file any Second Amended Complaint within twenty (20) days of the entry of this Order;[4] and (6) plaintiff is advised that the failure timely to file a Second Amended

---

[3](...continued) predicated on the alleged malicious prosecution of plaintiff on the criminal complaint arising from the Menlo Park Police investigation; (10) claim ten (negligence) is dismissed with leave to amend; (11) claim eleven (prima facie tort) is dismissed without leave to amend; (12) claim twelve (Business & Professions Code § 6452(b)) is dismissed without leave to amend; (13) claim thirteen (Business & Professions Code § 17200) is dismissed without leave to amend as to defendants Cox and the Cox Estate *only*, *except* to the extent predicated on the alleged malicious prosecution of plaintiff on the criminal complaint arising from the Menlo Park Police investigation and the alleged communications between plaintiff and the Cox Estate representatives in June 2007; and (14) claim fourteen (civil conspiracy) is dismissed without leave to amend as an enumerated count; and (2) the Motion to Dismiss is denied without prejudice to the extent it seeks dismissal of (a) the portion of claim six (malicious prosecution) which is predicated upon the criminal complaint resulting from the Menlo Park Police investigation; (b) claim seven (California Constitutional right to privacy), except as to defendants Cox and the Cox Estate; (c) claim eight (invasion of privacy), except as to defendants Cox and the Cox Estate; (d) claim nine (intentional infliction of emotional distress), except to the extent it is against defendant Cox and the Cox Estate *and* is predicated on the alleged malicious prosecution of plaintiff on the criminal complaint arising from the Menlo Park Police investigation; and (e) claim thirteen (Business & Professions Code § 17200), except to the extent it is against defendant Cox and the Cox Estate *and* is predicated on the alleged malicious prosecution of plaintiff on the criminal complaint arising from the Menlo Park Police investigation and the alleged communications between plaintiff and the Cox Estate representatives in June 2007.

[4]Any second amended complaint must: (1) be labeled: "Second Amended Complaint;" (2) be complete in and of itself and not refer in any manner to the original Complaint or the First Amended Complaint; (3) contain a "short and plain" statement of the claim(s) for relief except to the extent fraud allegations are involved in which case particularized pleading is appropriate. See Fed. R. Civ. P. 8(a), 9(b); (4) make each allegation "simple, concise and direct." Fed. R. Civ. P. 8(d)(1); (5) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); (6) set forth clearly the sequence of events giving rise to the claim(s) for relief; and (7) not add defendants without leave of court. Notwithstanding, the foregoing plaintiff may invoke the usual procedures for naming Doe defendants.

Complaint will result in this action proceeding solely on the remaining portions of the First Amended Complaint absent further order of the court.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Report and Recommendation on plaintiff and on defendants' counsel.

IT IS SO ORDERED.

DATED: July 14, 2009

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE